UNITED STATES DISTRICT COURT
NORTHSERN DISTRICT OF NEW YORK
_____

GERMAINE MONTES,

                          Plaintiff,

            v.                                          8:21-CV-892
                                                                (LEK/DJS)

CAROLYN B. GEORGE,

                          Defendant.
_____

**APPEARANCES:**

GERMAINE MONTES
Plaintiff, *Pro Se*
18-A-3075
Bare Hill Correctional Facility
Caller Box 20
Malone, New York 12953

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court for review a Complaint submitted by *pro se* Plaintiff Germaine Montes, asserting claims related to prior legal representation by Defendant, together with an application to proceed *in forma pauperis* ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application"). By separate order, the Court approved Plaintiff's IFP Application.

- 1 -

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

Section 1915(e) directs that, when a plaintiff seeks to proceed in *forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, even if a plaintiff meets the financial criteria to commence an action in *forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in *forma pauperis*. *See id.*

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]– that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

The Complaint concerns Defendant's prior representation of Plaintiff in a criminal matter.  It alleges that Defendant failed to raise multiple legal issues during her representation of Plaintiff including alleged speedy trial violations, grand jury defects,

judicial misconduct, an improper jury charge, and alleged fabrication of evidence. Compl. at p. 4. Plaintiff claims that if such issues had been raised, his appeal would have been successful. *Id.* The Complaint alleges that these failures amounted to ineffective assistance of counsel, legal malpractice, and denied him due process and equal protection. *Id.* at p. 5.

### C. Analysis of the Complaint

"Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Bey v. Jones*, 2019 WL 2028703 at *1 (E.D.N.Y. May 8, 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). In order for the Court to have jurisdiction over the matter, there must either be federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331 & 1332.

Federal question jurisdiction exists in an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Complaint does not appear to assert claims that would give this Court federal question jurisdiction. While it cites to federal rights, "[b]ecause the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus

required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). "State action requires both the exercise of some right or privilege created by the State and the involvement of a person who may fairly be said to be a state actor." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d at 186) (internal quotations and alterations omitted). Defendant is not alleged to hold any position from which state action could be implied. It is unclear from the Complaint whether Defendant was retained by Plaintiff to represent him or if she was appointed to do so. In neither circumstance, however, does state action exist. *See*, *e.g.*, *Alexander v. Murphy*, 2018 WL 3232349, at *5 (N.D.N.Y. July 2, 2018), *report and recommendation adopted*, 2018 WL 6000145 (N.D.N.Y. Nov. 14, 2018) (private attorney not a state actor); *Cruz v. New York*, 2017 WL 6021838, at *20 (N.D.N.Y. Oct. 27, 2017), *report and recommendation adopted*, 2017 WL 6001833 (N.D.N.Y. Dec. 4, 2017) (same as to court-appointed counsel).

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the matter is between

> (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

- 5 -

28 U.S.C. § 1332(a).  "The party seeking to invoke diversity jurisdiction bears the burden of demonstrating the grounds for diversity exist and that diversity is complete." *Johnson v. Glob. Promotion & Pub. Corp.*, 2013 WL 828744, at *1 (E.D.N.Y. Mar. 6, 2013) (citing *Advani Enters. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998)).  "To have complete diversity, 'each plaintiff's citizenship must be different from the citizenship of each defendant.'" *Id.* (quoting *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009)).  The Complaint does not properly plead diversity jurisdiction; in particular, it does not allege diversity of citizenship since both Plaintiff and Defendant are alleged to be residents of New York.

For these reasons, the Complaint fails to properly allege subject matter jurisdiction and the Court, therefore, recommends that the Complaint be dismissed.  "Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)).  The Court therefore recommends that the Complaint be dismissed without prejudice to the filing of an Amended Complaint which establishes a basis for federal court jurisdiction.

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED without prejudice** with leave to file an amended complaint; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:   September 17, 2021
           Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).