UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GERMAINE MONTES,

                        Plaintiff,

    -against-                                          8:21-CV-0892 (LEK/DJS)

CAROLYN B. GEORGE,

                        Defendant.
_____

## DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Germaine Montes brings this pro se action against Defendant Carolyn George. Plaintiff commenced this action on August 9, 2021. See Dkt. No. 1 ("Complaint"). On August 30, 2021, Plaintiff filed an application to proceed in forma pauperis ("IFP Application"). Dkt. No. 5.

On September 17, 2021 the Court granted Plaintiff's IFP Application. Dkt. No. 7. The same day, the Honorable Daniel Stewart, United States Magistrate Judge, recommended that Plaintiff's Complaint be dismissed without prejudice and with leave to amend. See Dkt. No. 8 ("Report-Recommendation and Order") at 1. No objections to the Report-Recommendation have been filed in this case. See Docket.

For the reasons discussed below, the Court adopts the Report-Recommendation and Order with the noted additions.

**II.    BACKGROUND**

### A. Factual History

Plaintiff's factual allegations are described in Judge Stewart's Report-Recommendation and Order, familiarity with which is assumed. See R. & R. at 3–4.

### III. LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also L.R. 72.1(c). A court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. See Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); see also Demuth v. Cutting, No. 18-CV-789, 2020 WL 950229, at *2 (N.D.N.Y. Feb. 27, 2020) (Kahn, J.). "[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Zhao v. State Univ. of N.Y., 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) (internal quotation marks and citation omitted); see also Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted). "A [district] judge . . .

may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### IV. DISCUSSION

Plaintiff did not file objections to the Report-Recommendation and Order. See Docket. Consequently, the Court reviews the Report-Recommendation for clear error.

In his Complaint, Plaintiff alleges that Defendant, his attorney on appeal of a criminal conviction, unreasonably failed to raise several arguments including "speedy trial violation[s] under the . . . U.S. Constitution." Compl. at 4. Had these arguments been raised, Plaintiff contends, his appeal would have been successful. Id. Based on these allegations, Plaintiff asserts three causes of action: Ineffective Assistance of Counsel, Legal Malpractice, and Denial of Due Process and Equal Protection. Id. at 5.

In his Report-Recommendation and Order, Judge Stewart found that the Court lacks subject matter jurisdiction to consider this case. Specifically, he found no diversity jurisdiction, given that both parties are citizens of New York, and no federal question jurisdiction, given that Plaintiff does not allege state action. R. & R. at 4–6. Judge Stewart is correct that Plaintiff's federal claims cannot give rise to federal subject matter jurisdiction where, as here, Plaintiff has failed to allege any state action. See, e.g., Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 139 (2d Cir. 2002) (finding that plaintiff's due process argument failed to confer jurisdiction because plaintiff made no plausible claim of state action); Bartolini v. Mongelli, No. 17-CV-6276, 2018 WL 6333827, at *9 (E.D.N.Y. Nov. 7, 2018), report and recommendation adopted as modified, No. 17-CV-06276, 2018 WL 6338771 (E.D.N.Y. Dec. 4, 2018) (finding that plaintiff's equal

protection and due process arguments against specific defendants failed to confer jurisdiction because those defendants were not state actors).

However, the Court notes that "a case can arise under federal law in two ways. Most directly, a case arises under federal law when federal law creates the cause of action asserted," but it is also possible for a case to a arise under federal law "even where a claim finds its origins in state rather than federal law." Gunn v. Minton, 568 U.S. 251, 257–58. (2013) (internal quotation marks and brackets omitted). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id. at 258.

Here, in setting forthhis state law claims, Plaintiff alleges that Defendant failed to raise certain federal constitutional arguments. Compl. at 4. "In cases like this one, in which the attorney's alleged error came in failing to make a particular argument, the causation element requires a 'case within a case' analysis of whether, had the argument been made, the outcome of the earlier litigation would have been different." Gunn, 568 U.S. at 259. Thus, Plaintiff's state law claims meet the first two prongs of the Gunn test for federal jurisdiction. The question of what would have happened had certain federal constitutional arguments been raised in Plaintiff's criminal appeal necessarily raises a federal issue which is actually disputed. However, Plaintiff's state law claims do not satisfy prong three. As the Gunn Court explained, "the substantiality inquiry" looks to the "importance of the issue to the federal system as a whole." Id. at 260. And where, as here, "the [federal] question is posed in a merely hypothetical sense," its resolution by a state court will not "change the real-world result of the prior" case, nor bind the federal courts.

Id. at 261. As such, it is "not substantial in the relevant sense," id. at 260, and this Court lacks subject matter jurisdiction.

Therefore, the Court adopts the conclusions of the Report-Recommendation and Order in their entirety, and the reasoning of the Report-Recommendation and Order with the above-described additions.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 8) is **APPROVED and ADOPTED** with the above-described additions; and it is further

**ORDERED**, that the Court **DISMISS WITHOUT PREJUDICE** Plaintiff's Complaint (Dkt. No. 1) because the Court lacks subject matter jurisdiction; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     November 12, 2021
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge